UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OPENCLINICA, LLC,
       Plaintiff,

    v.

EVIDILYA, S.R.L.,
       Defendant.

No. 24-cv-11555-DLC

## MEMORANDUM AND ORDER ON DEFENDANT EVIDILYA, S.R.L.'S MOTION TO SET ASIDE ENTRY OF DEFAULT

**CABELL, U.S.M.J.**

In this breach of contract dispute, the plaintiff OpenClinica, LLC (the plaintiff), a company that licenses software and provides related services to conduct clinical trials, maintains that the defendant Evidilya, S.R.L. (the defendant), an Italian company which coordinates clinical studies, breached a Master Subscription Agreement (the Master Agreement). Specifically, the defendant reportedly failed to pay the plaintiff for certain services or failed to pay in a timely manner.

In April, the plaintiff filed, and the court allowed, the plaintiff's motion to enter a default. (D. 16, 17). Presently pending before the court is the defendant's motion to set aside the entry of default. (D. 22).

The defendant argues that the default was not wilful due to its limited financial resources, unfamiliarity with the United States legal system, and foreign location. The plaintiff responds that ignorance of the law does not constitute excusable neglect and it is illogical for the defendant to believe, as it initially did, that it could defend itself without an attorney. Next, because a meritorious defense weighs in favor of lifting the entry of default, the defendant points to several such defenses. These include a forum selection clause in the Master Agreement purportedly requiring that the plaintiff file suit in a Massachusetts state court as opposed to a federal court in Massachusetts. The plaintiff disagrees and maintains that the forum selection clause does not render venue improper particularly where, as here, jurisdiction is premised on diversity.

For reasons that follow, the motion to set aside the default (D. 22) will be allowed. Separately, the parties are instructed to brief whether this case satisfies the $75,000 threshold for diversity jurisdiction.

I. **LEGAL STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered, the court can issue a default judgment to a party that moves for one. Fed. R.

2

Civ. P. 55(b).  Courts may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).

## II. BACKGROUND

The plaintiff filed this action on June 14, 2024.[1]  The three-count complaint sets out claims for breach of contract, quantum meruit, and promissory estoppel.

Because the defendant is a foreign company based in Milan, Italy, the plaintiff needed to serve the defendant in accordance with the Hague Convention.[2]  The plaintiff represents, and the defendant does not dispute, that that the Italian Central Authority required Italian translations of the service documents.  The plaintiff obtained translations on September 18, 2024.  (D. 23).

On November 1, the plaintiff mailed the documents to the Italian Central Authority.  (D. 23).  On February 6, 2025, the plaintiff served the defendant.  (D. 14) (D. 22-2, ¶ 5).  On March

---

[1] Previously, in October 2023, the plaintiff purportedly advised the defendant in a settlement demand that if the dispute did not resolve, the defendant would be subject to the jurisdiction of Massachusetts courts.

[2] "The Hague Convention provides means by which to serve process on a foreign . . .corporation[.]" *Am. Well Corp. v. Indegene Ltd.*, 761 F.Supp.3d 249, 261 (D. Mass. 2024) (internal brackets omitted); Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 163 ("Hague Convention").  "If service is sought on a defendant in a country that is party to the [Hague Convention], compliance with the Convention's provisions is mandatory." *Study Smarter LLC v. StudySmarter UG*, Case No.: 22cv471-LL-BGS, 2022 WL 2670649, at *1 (S.D. Cal. July 11, 2022) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)).  "Italy is a party to the [Hague Convention]." *Brown v. Dolce & Gabbana USA Inc.*, 24 Civ. 3807 (NRB), 2025 WL 1919549, at *3 (S.D.N.Y. July 11, 2025).  "The primary means" to accomplish service under the Hague "Convention *is through the receiving country's Central Authority*." *Study Smarter,* 2022 WL 2670649, at *1 (emphasis added).

3, the defendant sought an extension of time to respond to the complaint and to electronically-file documents pro se based on communications with the CM/ECF help desk.[3] (D. 13) (D. 22-2, ¶ 6). On March 17, the court denied the motion because Local Rule 83.5.5 prohibits companies from appearing pro se. (D. 15).

Given the ruling, it was only then that the defendant understood it needed to retain an attorney licensed to practice law before this court. The defendant's naiveté is understandable. It has never been involved in a lawsuit in the United States and was unfamiliar with the legal system. As a practical matter, it needed to raise sufficient funds to secure legal representation given the company's limited financial resources. (D. 22-2, ¶ 8).

On June 24, counsel filed a notice of appearance on behalf of the defendant. (D. 20). The defendant thereafter filed the motion to set aside the default on July 11.

To date, neither party has filed a copy of the Master Agreement. The parties nevertheless acknowledge that the agreement contains a forum selection clause. Further, they agree that the clause designates the courts "of the Commonwealth of Massachusetts." (D. 23) (the plaintiff's opposition stating "the forum selection clause . . . designates courts 'of the Commonwealth of Massachusetts'"); (D. 22-2, ¶ 12) (affidavit statement by the

---

[3] The plaintiff assumes that help desk personnel would have informed the defendant that it could not proceed pro se. (D. 23).

defendant's Managing Partner that forum selection clause "designates courts 'of the Commonwealth of Massachusetts'"); *see also* (D. 22-1) (the defendant's memorandum representing Master Agreement states it "will be governed by . . . . the laws of the Commonwealth of Massachusetts, . . . Each Party hereby irrevocably submits to the jurisdiction of such courts in any suits, actions or proceedings arising out of or relating to this Agreement.").[4]

## III.  DISCUSSION

As earlier noted, the court is allowing the motion to set aside the default and receive supplemental briefing addressing the $75,000 component of diversity jurisdiction.

### A.  Setting Aside the Default

The standard to set aside an entry of default for good cause is a "liberal one," meant to ensure actions are resolved on the merits. *Bryan v. Lark Hotels, LLC*, 323 F.R.D. 116, 117 (D. Mass. 2017). "There is no mechanical formula" to determine good cause. *Indigo Am. Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (citation omitted). Rather, courts may consider various factors including: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; . . . (3)

---

[4] The complaint asserts that the Master Agreement states that "the parties 'consent[] to [the] jurisdiction *of* courts in Middlesex County, Massachusetts, and waive[] any objections to such jurisdiction.'" (D. 1). The slightly different language does not change the outcome. First, the language uses the word "of," which, as discussed below, means Massachusetts state courts. Second, there is no federal district court in Middlesex County.

whether a meritorious defense is presented"; as well as "(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved;" and "(7) the timing of the motion to set aside the entry of default." *Id.* (omitting citations, internal brackets, and internal quotation marks); *see, e.g., Wilson v. Town of Fairhaven*, Civil Action No. 18-11099-PBS, 2019 WL 1757780, at *29 (D. Mass. Mar. 4, 2019) (setting aside entry of default and denying motion for default judgment based on balancing above factors).

Here, the default was not wilful, and the defendant provides an explanation for the delay. By affidavit, the defendant attests that it sought the extension of time to file a response to the complaint and for leave to electronically-file documents pro se in good faith based on communications with the CM/ECF help desk. (D. 22-2). Once the court denied the request on March 17, the defendant understood that it needed to retain counsel in the United States. Whereas it took until June 24 to identify and retain counsel, the company explains, again by affidavit, that it retained counsel as soon as possible given its limited financial resources as a small company and unfamiliarity with the United States legal system. *See Indigo*, 597 F.3d at 3-4 (finding default not wilful because limited liability company's sole member stated, by affidavit, company was unaware of "rule barring a person who is not licensed to practice law from representing a corporation in

6

court"). Given the circumstances, the defendant's explanation is reasonable. *See Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) ("Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits, and with the command of the Civil Rules themselves.") (citing Fed. R. Civ. Proc. 1).

Next, the plaintiff asserts that the defendant unduly delayed in securing counsel. The plaintiff submits, accurately, that more than four months elapsed between service of the complaint on the defendant and its retention of counsel. Similarly, three months passed between the date the court notified the defendant it could not proceed pro se and the date the defendant's counsel filed the notice of appearance, per the plaintiff's argument. The argument fails to persuade.

"[D]elay in and of itself does not constitute prejudice." *Indigo*, 597 F.3d at 4 (citations omitted). Rather, prejudice invokes the dangers accompanying a delay, such "as loss of evidence" and "increased difficulties of discovery." *Id*. (quoting *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989, in parenthetical); *see Coon*, 867 F.2d at 77 (finding passage of time, or simply requiring party to litigate action, is not sufficient to show prejudice) (collecting cases). Here, there is little, if any, prejudice. For instance, there is no indication of lost

7

evidence, increased difficulties with discovery, or witnesses who have died.

Notably, the defendant presents a meritorious defense premised on the language of the forum selection clause as meaning Massachusetts state courts. The existence of a meritorious defense is significant. *See Indigo*, 597 F.3d at 4 (noting "obvious significance" of meritorious defense because, without such, "it makes little sense to set aside the entry of default, as doing so would merely delay the inevitable"). Moreover, establishing a meritorious defense is not an "arduous task." *Id*. "[A] party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Id*. (quoting *Coon*, 867 F.2d at 77) (additional citation omitted).

To begin, a forum selection clause "does not oust the jurisdiction of the courts." *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 6 (1st Cir. 1984) (citation omitted); *accord 289 Kilvert, LLC v. SBC Tower Holdings LLC*, 133 F.4th 1, 7 n.3 (1st Cir. 2025) (quoting *LFC Lessors*, 739 F.2d at 6). Instead, it "constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." *LFC Lessors*, 739 F.2d at 6; *accord 289 Kilvert*, 133 F.4th at 7 n.3 (quoting *LFC Lessors*, 739 F.2d at 6). "Indeed, 'even a mandatory forum-selection clause does not in

8

fact divest a court of jurisdiction that it otherwise retains.'" *289 Kilvert*, 133 F.4th at 7 n.3 (citation omitted).

Here, the parties agree that they designated the courts "of the Commonwealth of Massachusetts." This language typically conveys a request to limit jurisdiction over the dispute to Massachusetts state courts. *See LFC Lessors*, 739 F.2d at 7 (reasoning that language "courts of Massachusetts" in forum selection clause "was intended to mean that all actions on [the] contract must be brought in Massachusetts state courts"). A relatively recent district court case summarizes the basis for the distinction in *LFC Lessors*, 739 F.2d at 6-7, between using the word "of" versus "in" anent a forum selection clause:

> [F]orum selection clauses using the term "in [a state]" express[ ] the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state . . . ." Conversely, "forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the dispute to the state courts of the named state."

*MMT, Inc. v. Hydro Int'l, Inc.*, C.A. No. 21-027-JJM-LDA, 2021 WL 1109321, at *2 (D.R.I. Mar. 23, 2021) (citing, among other cases, *LFC Lessors*, 739 F.2d at 7); *accord R.E. Moulton, Inc. v. RAC Assoc., LLC*, Civil Action No. 09-11069-PBS, 2009 WL 4730990, at *1 (D. Mass. Dec. 8, 2009) (providing similar analysis). Because the parties essentially concur that the clause in the Master Agreement employs the word "of," the defendant plausibly suggests facts, if proven, would constitute a meritorious defense. *See generally*

9

*Aiyegbusi v. Knight*, Civil Action No. 07-2766, 2008 WL 370619, at *2 (E.D.Pa. Feb. 7, 2008) (setting aside default judgment in part based on meritorious defense of improper venue based on forum selection clause). Moreover, where, as here, a forum-selection clause purports to require a state "tribunal to which transfer is not possible, the appropriate mechanism to enforce the clause is through the doctrine of forum non conveniens." *Kelly v. Riverside Partners, LLC*, 397 F.Supp.3d 75, 85 (D. Mass. 2019) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013)).

Per the foregoing, as stated above, the defendant provides a meritorious defense based on the forum selection clause. It is therefore not necessary to address the other purportedly meritorious defense the defendant asserts which is based on a limitation of liability provision ("LOL provision") in the Master Agreement.

To complete the analysis, the amount of money at stake is somewhat substantial given the limited financial resources of the defendant. The complaint alleges that the defendant has not paid approximately $120,000. (D. 1, ¶¶ 25-26). This factor thus weighs, albeit not substantially, in the defendant's favor. Conversely, the plaintiff promptly filed the motion to set aside the default after the defendant failed to file a responsive pleading by the February 27 deadline. Consequently, this factor

weighs in the plaintiff's favor.  Lastly, the good faith of the parties does not change the balancing calculus.  In sum, balancing all of relevant factors, good cause exists to set aside the entry of default.

**B.  Jurisdiction**

The defendant asserts that the LOL provision calls into doubt whether the diversity threshold of $75,000 is met.  The assertion warrants further briefing.

To explain, the LOL provision, as quoted in the defendant's memorandum, states in pertinent part:

> The total aggregate liability of either party . . . for any claims or causes of action arising under [the Master Agreement] will not exceed the aggregate amount paid and payable to OpenClinica by Subscriber during the twelve (12) month period preceding the date on which the claim arises.

(D. 23).

The law is well settled.  "The party invoking diversity jurisdiction bears the burden of establishing that the amount-in-controversy requirement is satisfied."  *Andersen v. Vagaro, Inc.*, 57 F.4th 11, 14 (1st Cir. 2023).  Ordinarily, this amount is determined "from the complaint itself, unless it appears or is [demonstrated] that the amount stated . . . is not claimed in good faith."  *Horton v. Liberty Mut. Ins., Co.*, 367 U.S. 348, 353 (1961); *Kersey v. Peoples' United Bank, N.A. of Ct.*, No. 16-cv-12414-PBS, 2017 WL 8730466, at *3 (D. Mass. Nov. 7, 2017) (quoting *Horton*, 367 U.S. at 353, in parenthetical).  "[W]hen challenged,

11

the plaintiff 'has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" *Andersen*, 57 F.4th at 15 (citations omitted). Further, even though the complaint states that the "amount invoiced by OpenClinca is $96,080.00," it is unclear whether this amount was paid or payable to the plaintiff "by Subscriber during the twelve month" period prior to the date the claim arose. Accordingly, the plaintiff must provide "additional documentation, such as affidavits" or other competent proof. *Id.* ("holding that a plaintiff, when challenged, must provide 'competent proof' supporting jurisdictional claim" (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

The plaintiff is therefore instructed to file a memorandum limited to five pages along with the necessary documentation showing it is not a legal certainty that the claim falls short of $75,000. The plaintiff shall file the memorandum by December 15. The defendant may file a response limited to five pages no later than January 5.

## IV. CONCLUSION

In accordance with the foregoing discussion, the motion to set aside the default (D. 22) is **ALLOWED**. As instructed, the plaintiff shall file a memorandum limited to five pages along with the necessary documentation showing it is not a legal certainty

12

that the claim falls short of $75,000 by December 15.  The defendant may file a response limited to five pages no later than January 5.

                                             /s/ Donald L. Cabell
                                             DONALD L. CABELL, U.S.M.J.

DATED:  November 25, 2025